# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TEMPLIN,
    Plaintiff,

    v.

ERIC J. WEAKNECHT, *et al.*,
    Defendants.

:
:

**CIVIL ACTION NO. 19-CV-1021**

FILED

MAR 13 2019

KATE BARKMAN, Clerk
By_____:_____Dep. Clerk

## MEMORANDUM

SÁNCHEZ, C.J.                                              MARCH 13, 2019

    *Pro se* Plaintiff Francis Templin, who is currently incarcerated at the Berks County Jail, has filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Eric J. Weaknecht, attorney Paul Trainor, Magisterial District Justice Douglas Schlegal, and John C. Flagler. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Templin leave to proceed *in forma pauperis* and dismiss his claims, with the exception of his Fourteenth Amendment due process claims against Sheriff Weaknecht.

## I.    FACTS

    Templin "has been incarcerated since April 26, 2018 awaiting trial or disposition on a matter unrelated to this litigation." (Compl. at 4.)[1] On April 20, 2018, Flagler filed a civil complaint against Templin in Magistrate District Court 03-3-02, over which Magisterial District Justice Schlegal presided. (*Id.*) Templin "filed for a continuance and stay of proceedings due to his incarceration and inability to hire defense counsel." (*Id.*) Schlegal denied Templin's request.

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

(*Id.*) A hearing was held on August 27, 2018, and Templin was not present. (*Id.*) At that hearing, Schlegal awarded a monetary judgment of $12,000.00 to Flagler. (*Id.*)

According to Templin, the "judgment lay dormant until it was transferred to Berks County." (*Id.*) On December 19, 2018, Sheriff Weaknecht received a Writ of Execution, "prosecuted by defendant Paul Trainor on behalf of his client-John Flagler." (*Id.*) The Prothonotary for Berks County received the Writ on December 21, 2018. (*Id.*) The Sheriff's date of levy was noted as January 18, 2019. (*Id.*) Templin alleges that he did not receive notice of the Writ or the notice of levy until the evening of January 23, 2019. (*Id.*) He argues that he had "insufficient time" to "try to retain an attorney, or to otherwise obtain a stay of the Writ." (*Id.*) On February 7, 2019, Templin's "domicile and personal property, worth in excess of $60,000.00 . . ., [were] sold at Sheriff's [s]ale." (*Id.*)

Based on these facts, Templin asserts violations of his due process rights under the Fourteenth Amendment, as well as violations of the Pennsylvania Rules of Civil Procedure.[2] (*Id.* at 3-4.) Specifically, he argues that Magisterial District Judge Schlegal violated his due process rights by denying him a continuance and by awarding the monetary judgment to Flagler during a hearing at which Templin was not present. (*Id.* at 5.) Templin further argues that he did not receive a copy of the Writ of Execution from the Prothonotary as required by Rule 236 of the Pennsylvania Rules of Civil Procedure. (*Id.* at 5.) Finally, he asserts that the Writ and the Notice of Levy contained several defects which would have allowed him to argue that the Writ

---

[2] Templin also mentions violations of his due process rights under the Fifth Amendment. However, because the Defendants are state actors (to the extent that they qualify as such), the Fifth Amendment does not apply to them. *See Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d. Cir. 2011) (per curiam) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999). Accordingly, the Fifth Amendment does not apply here.

2

should be set aside. (*Id.* at 5-6.) As relief, Templin seeks "an injunction to issue enjoining the several defendants from selling or distributing the personal property of the plaintiff; that if the plaintiff's personal property has been sold, transferred, or otherwise distributed in connection with the writ of execution and levy, that all such personal property be immediately returned to the plaintiff." (*Id.* at 6.) He also seeks no less than $50,000.00 in damages for "mental anguish, extreme emotional stress, and violation of his due process rights." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Templin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Templin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[3] However, as Templin is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, with the exception of Templin's Fourteenth Amendment claims against Sheriff Weaknecht, the Complaint fails to state a claim.

## A.    Claims Against Trainor and Flagler

As an initial matter, it is unclear to the Court how Templin believes Trainor and Flagler violated his due process rights. Nevertheless, he fails to state a § 1983 claim against them. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, nothing in the Complaint suggests that Flagler is a state actor. Moreover, Trainor, as an attorney who represented Flagler, cannot be considered a state actor. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, Templin's claims against Trainor and Flagler will be dismissed.

4

## B. Claims Against Magisterial District Justice Schlegal

Templin suggests that Magisterial District Justice Schlegal violated his due process rights by denying him a continuance and by awarding a monetary judgment to Flagler at a hearing at which Templin was not present. Judges, however, are entitled to absolute immunity from civil rights claims and claims under state law that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (concluding that magisterial district judges are entitled to protections of judicial immunity even though they preside over courts of limited jurisdiction). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Here, it is clear that Templin is suing Magisterial District Justice based upon acts he took in his judicial capacity. Accordingly, judicial immunity clearly applies and there is no legal basis for Templin's lawsuit against Magisterial District Justice Schlegal.

## C. Claims Against Sheriff Weaknecht

As noted above, Templin faults Sheriff Weaknecht for violating his Fourteenth Amendment due process rights by not allowing him sufficient notice and an opportunity to be heard before acting upon the Writ of Execution and Notice of Levy and selling his property at a Sheriff's sale. At this time, Templin may proceed on his Fourteenth Amendment claims against

Sheriff Weaknecht. *See Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (noting that "[a]t the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Templin leave to proceed *in forma pauperis* and dismiss his claims, with the exception of his Fourteenth Amendment claims against Sheriff Weaknecht. A separate Order follows.

**BY THE COURT:**

**JUAN R. SÁNCHEZ, C.J.**