IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS TEMPLIN : | CIVIL ACTION |
| v. : | No. 19-1021 |
| ERIC J. WEAKNECHT, : | |
| *SHERIFF OF BERKS COUNTY*, et al. : | |
| FRANCIS TEMPLIN : | CIVIL ACTION |
| v. : | No. 19-1969 |
| ERIC J. WEAKNECHT, et al. : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**  **March 2, 2020**

Plaintiff Francis Templin brings this civil rights action pursuant to 42 U.S.C. § 1983. The action arises out of the seizure and sale of his personal property by Defendant Eric J. Weaknecht, the Sheriff of Berks County, Pennsylvania. Sheriff Weaknecht moves to dismiss this consolidated action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Templin fails to state a claim on which relief may be granted, the Court will dismiss the claims against Sheriff Weaknecht with prejudice. The Court will further dismiss Templin's remaining claims against Defendants Paul Trainor, Esq., John C. Flagler, and "John or Jane Doe"—who were involved in obtaining the judgment against Templin and purchasing Templin's property at the sheriff's sale—with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**[1]

On April 20, 2018, Flagler filed a civil action against Templin in Magisterial District Court 03-3-02 in Northampton County, Pennsylvania. *See Flagler v. Templin*, Civil Action No. MJ-3302-CV-40-2018 (filed Apr. 20, 2018). Trainor represented Flagler and Magisterial District Judge Schlegal presided over the case. Templin requested a continuance and stay of proceedings because he was incarcerated on an unrelated matter and could not retain counsel.[2] Judge Schlegal denied Templin's request. The Court held a hearing on August 27, 2018. Templin was not present for the hearing due to his incarceration. At the hearing, Judge Schlegal awarded a monetary judgment to Flagler in the amount of $12,003.15. On November 20, 2018, the Northampton County Court of Common Pleas entered a certified judgment in that amount.

On December 11, 2018, Flagler transferred the certified judgment to the Berks County Court of Common Pleas. Seven days later, on December 19, 2018, Flagler filed a praecipe for writ of execution, seeking a levy and sale of Templin's personal property located in Berks County to satisfy the judgment. The writ of execution was filed on December 21, 2018. The notice of levy was dated January 18, 2019. Templin received notice of the writ and levy on January 23, 2019. On February 7, 2019, Sheriff Weaknecht sold Templin's personal property at a sheriff's sale. The Doe Defendant allegedly purchased Templin's property at the sale.

On March 11, 2019, Templin filed Civil Action No. 19-1021 in this Court (*Templin I*) and moved to proceed in forma pauperis . In *Templin I*, Templin brings various Fourteenth Amendment

---

[1] In evaluating Sheriff Weaknecht's motion to dismiss, the Court takes the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[2] Templin "has been incarcerated since April 26, 2018 awaiting trial or disposition on a matter unrelated to this litigation." *See* Compl. 4, *Templin v. Weaknecht*, Civil Action No. 19-1021 (E.D. Pa. filed Mar. 11, 2019), ECF No. 2. Templin remains incarcerated at this time.

procedural and substantive due process claims against Sheriff Weaknecht, Trainor, Judge Schlegel, and Flagler. On March 15, 2019, in granting Templin's in forma pauperis motion, the Court dismissed his claims against Trainor and Flagler because they were not state actors and against Judge Schlegel on the ground of judicial immunity. On May 13, 2019, Sheriff Weaknecht moved to dismiss the Complaint in *Templin I* for failure to state a claim.

On March 28, 2019, Templin filed Civil Action No. 19-1969 in the Court of Common Pleas of Berks County (*Templin II*). Like *Templin I*, *Templin II* asserts various Fourteenth Amendment procedural and substantive due process claims against Sheriff Weaknecht, Trainor, and Flagler. *Templin II* also asserts due process claims against a "John Doe or Jane Doe" for his or her alleged improper purchase of Templin's property. On May 3, 2019, Sheriff Weaknecht removed *Templin II* to this Court and moved to consolidate *Templin II* with *Templin I*.

On June 25, 2019, the Court granted the motion to consolidate—consolidating *Templin II* into *Templin I*. Following consolidation, the Court did not order Templin to file an amended complaint because the Complaints in *Templin I* and *II* are factually identical and involve the same parties. Accordingly, the Court construes the Complaints in *Templin I* and *II* as a single Compliant, and Sheriff Weaknecht's motion to dismiss as a motion to dismiss both actions.

**DISCUSSION**

Because Templin fails to state a claim on which relief may be granted, the Court will grant Sheriff Weaknecht's motion and dismiss the claims against him with prejudice. The Court will further dismiss the remaining claims against Trainor, Flagler, and the Doe Defendant with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court first addresses Sheriff Weaknecht's motion to dismiss and Templin's Fourteenth Amendment procedural and substantive due process claims against him.

"To withstand a motion to dismiss, a complaint must allege a claim that is plausible on its face when accepting all the factual allegations as true and drawing every reasonable inference in favor of the nonmoving party." *Owner Operator Indep. Drivers Ass'n, Inc. v. Pa. Tpk. Comm'n*, 934 F.3d 283, 290 n.7 (3d Cir. 2019). A complaint "does not need detailed factual allegations" as long as it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where, as here, the plaintiff proceeds pro se, the Court must construe the complaint liberally, accept as true all well-pleaded factual allegations therein, and draw all reasonable inferences in the plaintiff's favor. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015).

First, Templin fails to state a procedural due process claim under the Fourteenth Amendment because his allegations demonstrate that he received adequate due process. In evaluating a procedural due process claim, the Court employs' a two-step analysis, inquiring (1) whether "the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of 'life, liberty, or property'"; and (2) whether the procedures available provided the plaintiff with "due process of law." *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Because Templin has alleged that he was deprived of his personal property—a valid interest under the Fourteenth Amendment—only the procedures available to Templin are at issue.

A deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 740 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). However, "a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *See Alvin*, 227 F.3d at 116 (quoting *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)). In this case, Templin

challenges the timing of when he received notice of the sheriff's sale. Templin alleges his receipt of the writ on January 23, 2019, was insufficient notice because he only had eleven business days—or fifteen total days—to retain an attorney or otherwise obtain a stay of the writ. Templin's argument is meritless.

Templin received sufficient notice of the sheriff's sale under Pennsylvania Rule of Civil Procedure 3128. Rule 3128(a) provides: "[N]otice of sale of personal property shall be given by the sheriff at least six (6) days prior to sale . . . ." As conceded by Templin, he received notice of the writ on January 23, 2019—approximately fifteen days from the date of the sheriff's sale. Templin thus received more than double the amount of time required for sufficient notice. *See* Pa. R. Civ. P. 3128(a).

Furthermore, Templin failed to avail himself of procedural protections that would have remedied his alleged error of defective notice of the writ. Pennsylvania Rule of Civil Procedure 3121(b) allows a defendant to seek a stay of the judgment's execution or set aside a writ upon a showing of "a defect in the write, levy or service" or "any other legal or equitable ground therefor." Pursuant to Rule 3121(b), Templin could have moved to stay the judgment's execution or set aside the writ after receiving notice of it on January 23, 2019. Templin nevertheless failed to do so, and Sheriff Weaknecht cannot be held liable for Templin's failure to avail himself of readily available procedural protections. *See Alvin*, 227 F.3d at 116. Templin therefore fails to state a Fourteenth Amendment procedural due process claim and this claim will be dismissed.[3]

---

[3] Templin advances several arguments as to why the writ and service of the writ were defective. These arguments, however, are misplaced. These arguments do not change that Templin had notice of the writ and sheriff's sale more than six days prior to the sale and he failed to avail himself to mechanisms to set aside the writ or stay its execution. Rather, Templin's arguments should have been brought before the Berks County Court of Common Pleas pursuant to Rule 3121(b).

5

Second, Templin also fails to state a substantive due process claim because he has not alleged conscience shocking conduct. To state a substantive due process claim that is not based on a legislative process, a plaintiff must plead not only that he has a fundamental property interest but also that the defendant's action "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018). Only "the most egregious official conduct" can be said to "shock[ ] the conscience." *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). An allegation of "improper motive," cannot, without more, survive a motion to dismiss. *Brace v. County of Luzerne*, 535 F. App'x 155, 159 (3d Cir. 2013).

Templin fails to allege any action that shocks the conscience. Templin argues his substantive due process rights were violated because Sheriff Weaknecht's office "screwed up" by wrongly listing his "fifth-wheel travel trailer" on the notice of levy when the writ only listed a "mobile home." At best, Templin's argument asserts Sheriff Weaknecht's office acted negligently. Even assuming this were true, however, negligence does not rise to the level of conscience shocking behavior to support a substantive due process claim. *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999) (explaining that allegations of negligence or simple error do not state a valid substantive due process claim). Moreover, even broadly construing Templin's allegations to ascribe some improper motive to Sheriff Weaknecht's office, this is similarly insufficient to sustain a substantive due process claim. *See Brace*, 535 F. App'x. at 159. Accordingly, Templin fails to state a substantive due process claim against Sheriff Weaknecht and this claim will be dismissed.

Turning to Templin's remaining claims against Trainor, Flagler, and the Doe Defendant, the Court will dismiss them for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although Sheriff Weaknecht's motion does not seek dismissal of the claims asserted against

Trainor, Flagler, and the Doe Defendant in the *Templin II* Complaint, the Court must screen these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Templin proceeds in forma pauperis.[4] *See, e.g.*, *Laganella v. Don's & Son's Towing & Body Shop*, No. 11-1101, 2011 WL 7063643, at *3 (M.D. Pa. Oct. 11, 2011) (screening inmates complaint under § 1915 even though the action did not relate to prison conditions because plaintiff was proceeding in forma pauperis before defendants removed the action), *adopted by* 2012 WL 162288 (M.D. Pa. Jan. 19, 2012)); *Bartelli v. Beard*, No. 08-1143, 2008 WL 4363645, at *1–2 (M.D. Pa. Sept. 24, 2008) (screening inmate's civil rights complaint even though he filed it in state court and the defendants removed it to federal court). Section § 1915(e)(2)(B)(ii) provides that, where the plaintiff proceeds in forma pauperis, the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), the Court applies the same standard as a motion to dismiss under Rule 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

Templin's claims against Trainor, Flagler, and the Doe Defendant all arise under 42 U.S.C. § 1983. Section 1983 creates a statutory mechanism for private individuals to vindicate their constitutional rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." (internal quotations omitted)). To prevail on his § 1983 claims, Templin must produce evidence that "a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013).

---

[4] Templin also proceeded in forma pauperis in *Templin II* in the Berks County Court of Common pleas. *See* Notice of Removal Ex. C, at 1, *Templin II*, ECF No. 1.

Templin's remaining claims against Trainor, Flagler, and the Doe Defendant in the *Templin II* Complaint will be dismissed for failure to allege Trainor, Flagler, and the Doe Defendant were state actors. First, before *Templin I* and *II* were consolidated, the Court determined in *Templin I* that the claims against Trainor and Flagler fail as a matter of law because Templin could not demonstrate that either party was a state actor. The remaining claims against Trainor and Flagler in the *Templin II* Complaint fail for the same reason—there are no facts demonstrating that either Trainor or Flagler were state actors. Nor could there be, as Trainor and Flagler are only alleged to have prosecuted a private civil matter that resulted in the judgment against Templin. The Court will therefore dismiss all remaining claims against Trainor and Flagler as they are alleged in the *Templin II* Complaint. *See Duffy v. George*, 669 F. App'x 73, 75 (3d Cir. 2016) (affirming dismissal of a complaint where the defendants were "private actors . . . who generally cannot be held liable under 42 U.S.C. § 1983").

The claims asserted against the Doe Defendant in the *Templin II* Complaint will be dismissed for the same reason. The only wrongdoing charged to the Doe Defendant was his or her alleged improper purchase of Templin's property at the sheriff's sale. Again, Templin only alleges wrongdoing by a private actor, which cannot support liability under § 1983. *See Morrow*, 719 F.3d at 165-66. The Court will consequently dismiss all claims asserted against the Doe Defendant in the *Templin II* Complaint.

Having concluded that Templin fails to state claims on which relief may be granted, the Court must consider whether to grant Templin leave to file an amended complaint. Generally, a Court should freely grant leave to amend unless amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Having reviewed the *Templin I* and *II* Complaints and Templin's extensive response in opposition to Sheriff Weaknecht's motion, it is clear that further amendment

would be futile and Templin cannot correct the pleading deficiencies with his claims. Thus, Templin will not be granted leave to file an amended complaint.[5]

**CONCLUSION**

In sum, because Templin fails to state a claim on which relief may be granted, the Court will grant Sheriff Weaknecht's motion to dismiss. The Court will further dismiss the remaining claims against Trainor, Flagler, and the Doe Defendant for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given that Templin cannot correct the pleading deficiencies identified above, this action will be dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[5] Sheriff Weaknecht also argues the Court lacks jurisdiction over Templin's claims pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits "lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). This argument is misguided. While the Court may not grant injunctive relief, Templin may nevertheless seek monetary damages for the deprivation of his constitutional rights. *See Muhammad v. Cappellini*, No. 10-2374, 2011 WL 3034393, at *3 (M.D. Pa. July 25, 2011).